UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ABEL HERRERA TORRES,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,

Respondent.

Case No. 1:26-cv-04286 (VC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Before the Court is Petitioner Abel Herrera Torres' petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. *See* Dkt. No. 1. The government filed a response to the petition asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(6). *See* Dkt. No. 8. For the reasons set forth below the Court, DENIES the petition without prejudice.

## I. BACKGROUND

Petitioner is a citizen of Cuba who first entered the United States as a refugee, and later adjusted his status to that of a Lawful Permanent Resident on July 20, 2010. Dkt. No. 8 at 7. Twelve years later, on July 11, 2022, Petitioner was served with a Notice of Appear charging him as deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of certain criminal offenses. *Id*. at 11. He was ordered removed to Cuba by an Immigration Judge on April 14, 2023, and waived his right to appeal that same day, thus, rendering the appeal administratively final. *Id*. at 16–17. He was released from immigration custody eleven days later on an order of supervision ("OSUP"). *See id*. at 21 (Petitioner's "Notice of Revocation of Release" explaining that he was previously released on an OSUP issued on April 25, 2023).

While on supervised release in 2024, Petitioner was convicted of petit theft and possession of a firearm and concealed weapon. *Id*. at 63–67. He was detained by the Department

of Homeland Security ("DHS") on April 28, 20226 following the completion of his criminal sentence. Dkt. No. 1 at 5; Dkt. No. 8 at 21, 62 (noting that Petitioner had been sentenced to 30 months of prison). At that time, DHS revoked Petitioner's OSUP under 8 C.F.R. § 241.13(i)(1), explaining in the "Notice of Revocation of Release" that Petitioner had "violated a condition of [his] release" as he was convicted of petit theft and possession of a firearm and concealed weapon, and sentenced to two years and six months imprisonment. Dkt. No. 8 at 21. Following the revocation of his release, he was provided an informal interview to challenge the basis of the revocation of his OSUP. *See id*. at 23 (form indicating that an interview was conducted on April 28, 2026).

Petitioner, proceeding pro se, subsequently filed a petition for writ of habeas that the Court construes as bringing claims for violation of his due process rights and the Supreme Court's holding in *Zadvydas v. Davis*. *See* Dkt. No. 1 at 6–8. Respondents filed an opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1231(a)(6) to effectuate his final order of removal, and that Petitioner's OSUP was revoked in accordance with applicable regulations. Dkt. No. 8 at 2–4. The opposition does not indicate what steps, if any, have been taken in order to effectuate Petitioner's removal to Cuba.

## II. DISCUSSION

Under 8 U.S.C. § 1231(a)(6), "[a]n alien ordered removed who is inadmissible under section 1182 of this title, removable under section … 1227(a)(2) … of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, *may be detained beyond the removal period* and, *if released, shall be subject to … terms of supervision*." 8 U.S.C. § 1231(a)(6) (emphasis added). When a noncitizen subject to a final order of removal is not removed within the initial ninety-day removal period, and the government releases the noncitizen on supervision, the regulations codified at 8 C.F.R. §§ 241.4 and 241.13 govern the parameters for re-detention. *See Hernandez-Castro v. Lyons, et al.*, No. 1:25-CV-01574-JLT-SAB, 2025 WL 3771344, at *4–5 (E.D. Cal. Dec. 31, 2025) (citing *Diaz v. Wofford*, No. 1:25-CV-01079-JLT-EPG, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025); 8

U.S.C. § 1231(a)(3).

These provisions are at play in this case. DHS released Petitioner on OSUP on April 25, 2024, after which he was convicted of several criminal offenses. *See* Dkt. No. 8 at 21, 63–67. These convictions appear to have prompted DHS to revoke Petitioner's prior release on supervision as it is the *only* justification included in Petitioner's "Notice of Revocation of Release." *Id*. at 21. Respondents argue that Petitioner's re-detention is justified given his recent convictions, and because "DHS has determined there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future." *Id*. at 2–3. The Court agrees as to the first argument.

Under 8 C.F.R. § 241.13(i)(1), "any alien who has been released under an order of supervision under this section who violates any of the conditions of release may be returned to custody and is subject to the penalties described in section 243(b) of the Act." That section further provides that "[t]he alien may be continued in detention for an additional six months in order to effect the alien's removal, if possible, and to effect the conditions under which the alien had been released." 8 C.F.R. § 241.13(i)(1). As Petitioner has now been detained for approximately four months following the revocation of his OSUP for criminal convictions, he remains within the six months of detention authorized by § 241.13(i)(1). *See* Dkt. No. 8 at 21 ("Notice of Revocation of Release" indicating that "release has been revoked pursuant to 8 C.F.R. § 241.13(i)" because Petitioner "violation of condition of [his] release"); *Chansombath v. Warden of Mesa Verde Detention Facility*, No. 1:26-CV-05384-JLT-HBK, 2026 WL 2279592, at *3 (E.D. Cal. Aug. 7, 2026) (denying habeas petition where noncitizen's OSUP was revoked under § 241.13(i) and six months had not passed); *Tran v. Warden, California City Correctional Center*, No. 1:26-CV-04098-DAD-CKD (HC), 2026 WL 2099295 (E.D. Cal. July 21, 2026) (explaining that detention was no longer authorized under § 241.13(i) because six months had passed); *Banos-Jiron v. Lyons*, No. 1:26-CV-00716-KES-CDB (HC), 2026 WL 972527, at *4 (E.D. Cal. Apr. 10, 2026) ("The plain meaning of the provision that '[t]he alien may be continued in detention *for an additional six months*' limits detention based on a violation of

the Order of Supervision to six months.") (citing 8 C.F.R. § 241.13(i)(1)).

As Petitioner is still within the six-month window under § 241.13(i)(1), his petition for writ of habeas corpus is DENIED. This order, of course, in no way prohibits Petitioner from raising a renewed claim for relief if his detention continues beyond the six months authorized by § 241.13(i)(1).

**IT IS SO ORDERED.**

Dated: September 2, 2026

VINCE CHHABRIA
United States District Judge